UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

FREEDOM FROM RELIGION
FOUNDATION, INC.,

      Plaintiff,

v.

                                       Case No. 12-CV-818

DOUGLAS SHULMAN,
COMMISSIONER OF THE INTERNAL
REVENUE SERVICE,

      Defendant.

## COMPLAINT

The Plaintiff, Freedom From Religion Foundation, Inc., as its Complaint against the Defendant, Douglas Shulman, Commissioner of the Internal Revenue Service, alleges as follows:

1.    The Plaintiff, Freedom From Religion Foundation ("FFRF"), seeks a Declaration under 28 U.S.C. §2201 that the Defendant, Douglas Shulman ("Shulman"), in his capacity as Commissioner of the Internal Revenue Service ("IRS"), has violated, continues to violate, and will continue to violate in the future, the Establishment Clause of the First Amendment to the Constitution of the United States by failing to enforce the electioneering restrictions of §501(c)(3) of the Tax Code against churches and religious organizations. The Defendant's actions also violate the Plaintiff's Equal Protection rights.

2.    Plaintiff requests the Court to enjoin the Defendant Shulman from continuing a policy of non-enforcement of the electioneering restrictions against churches and religious

organizations. The Plaintiff also requests the Court to order the Defendant to authorize a high ranking official within the IRS to approve and initiate enforcement of the restrictions of §501(c)(3) against churches and religious organizations, including the electioneering restrictions, as required by law.

3. This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 with respect to the relief sought against the Defendant Shulman. The Court also has the authority to issue a declaratory judgment under 28 U.S.C. §2201. The Court further has the authority to award injunctive relief under 28 U.S.C. §1443 and Fed. R. Civ. P. 65.

4. The United States has waived sovereign immunity, pursuant to 5 U.S.C.§702, for actions that seek specific relief other than money damages, as in this case.

5. Venue is appropriate in the District Court for the Western District of Wisconsin pursuant to 28 U.S.C. §1391(e), where FFRF has its principal office.

6. The Plaintiff is a tax-exempt non-profit organization under §501(c)(3) of the Tax Code, and as such, FFRF must and does abide by the electioneering restrictions of §501(c)(3).

7. The Plaintiff is a non-profit membership organization that advocates for the separation of Church and State and educates on matters of non-theism. The Plaintiff has more than 19,000 members, residing in every state of the United States, as well as the District of Columbia.

8. FFRF represents and advocates on behalf of its members throughout the United States.

9. FFRF's membership includes individuals who are federal tax-payers who are opposed to government preferences and favoritism toward religion.

10. The Defendant Shulman is the Commissioner of the Internal Revenue Service, with a principal address of 1111 Constitution Avenue N.W., Washington, D.C. 20224; the Defendant Shulman is sued in his official capacity.

11. The Establishment Clause of the First Amendment to the United States Constitution prohibits governmental preference for, endorsement of, and discrimination in favor of religion.

12. Section 501(c)(3) of the Tax Code prohibits all non-profit organizations, including churches and other religious organizations, from intervening in political campaigns as a condition of their tax-exempt status.

13. All organizations that are recognized as exempt from federal income tax under §501(c)(3) of the Tax Code are subject to the prohibition against political campaign intervention.

14. All organizations, including churches and religious organizations, that are exempt from federal income tax under §501(c)(3) of the Tax Code are prohibited from participating or intervening, directly or indirectly, in political campaigns on behalf of or in opposition to any candidate for elective public office.

15. The restrictions of §501(c)(3) on electioneering activities do not preclude discussions of issues that are not linked to support for or opposition to candidates; the fact that candidates may align themselves on one side or another of an issue does not restrict the ability of religious organizations to engage in discussions of that issue.

16. A discussion of issues violates the electioneering restrictions of §501(c)(3) of the Tax Code if the discussion contains overt support for or opposition to a particular candidate.

17. Factors relevant to determining whether an advocacy communication constitutes impermissible campaign intervention include: (a) whether the communication identifies one or

more candidates for a public office; (b) whether the communication expresses approval or disapproval of one or more candidates' positions and/or actions; (c) whether the communication is delivered close in time to an election; (d) whether the statement makes reference to voting or an election; and (e) whether the issue addressed in the communication has been raised as an issue distinguishing candidates for a given office.

18. The electioneering prohibition of §501(c)(3) applies to tax-exempt organizations, including churches and religious organizations, and to the actions of individuals, including clergy or other religious leaders, acting as representatives of tax-exempt organizations; the prohibition of §501(c)(3) does not apply to the political activities of clergy or other religious leaders undertaken in their individual capacities.

19. The Internal Revenue Service follows special procedures before commencing inquiries about potential violations of §501(c)(3) by a church or religious organization.

20. The IRS may initiate a tax inquiry of a church or religious organization if a high-ranking IRS official documents in writing the acts and circumstances, including potential violations of the electioneering prohibition, that lead the official to reasonably believe that the Church may have violated the requirements for tax exemption under §501(c)(3).

21. In fact, however, the Internal Revenue Service, under the direction of the Defendant Shulman, has followed and continues to follow a policy of non-enforcement of the electioneering restrictions of §501(c)(3) against churches and other religious organizations.

22. As a result, in recent years, churches and religious organizations have been blatantly and deliberately flaunting the electioneering restrictions of §501(c)(3), including during the presidential election year of 2012. Illinois Bishop Daniel Jenky, for example, required that a

partisan letter be read by every celebrating priest in the diocese to congregants the weekend before the recent Presidential election.

23. More than 1500 clergy reportedly also violated §501(c)(3) on October 7, 2012, in a deliberate and coordinated display of noncompliance with the electioneering restrictions of §501(c)(3), including prominent megachurches.

24. The Billy Graham Evangelistic Association ran blatantly partisan full-page ads in October of 2012 in the *Wisconsin State Journal*; the Ministry also ran ads in the *New York Times*, *USA Today, the Wall Street Journal,* and more than a dozen national and battle ground state newspapers before November 6, 2012. The Association also published expressly partisanship matter on its website at www.billygraham.org.

25. Open and notorious violations of the electioneering restrictions of §501(c)(3) by churches and other religious organizations have been occurring since at least 2008, with churches recording their partisan activities and sending the evidence to the IRS.

26. The Internal Revenue Service, however, under the direction and leadership of the Defendant Shulman, is following a policy and practice of non-enforcement of §501(c)(3) against churches and religious organizations.

27. The IRS, under the direction of Defendant Shulman, on information and belief, has failed even to designate an official with authority to initiate enforcement of §501(c)(3) against churches and other religious organizations.

28. The non-enforcement of the electioneering restrictions of §501(c)(3) against churches and other religious organizations constitutes preferential treatment to churches and religious organizations that is not provided to other tax-exempt organizations, including FFRF, which are required to comply with the electioneering restrictions of §501(c)(3).

29. The Defendant's non-enforcement of §501(c)(3) as to churches and religious organizations provides preferential treatment that is not neutrally available to other tax-exempt organizations, including the plaintiff FFRF in this case.

30. The non-enforcement of §501(c)(3) as to churches and other religious organizations by the IRS, under the direction of Defendant Shulman, directly benefits churches and religious organizations, while discriminating against other non-profit organizations, including the plaintiff FFRF, solely on the basis of religious criteria.

31. §501(c)(3), as administered by the defendant Shulman, provides preferential treatment that is not neutral and generally applicable to all tax-exempt organizations.

32. The policy of non-enforcement of the electioneering restrictions of §501(c)(3) as to churches and religious organizations, by the Defendant Shulman, violates the Establishment Clause of the First Amendment.

33. The preferential treatment of churches and other religious organizations by the Defendant results in obligations on secular non-profits, including the Plaintiff FFRF, that are not imposed on churches, which distinction arises exclusively from the application of religious criteria.

34. The Plaintiff is disadvantaged *vis à vis* churches and religious organizations by the Defendant Shulman's policy of non-enforcement of the electioneering restrictions against churches and other religious organizations.

35. Churches and religious organizations obtain a significant benefit as a result of being non-exempt from income taxation, while also being able to preferentially engage in electioneering, which is something secular tax-exempt organizations cannot do.

36. The preferential tax-exemption that churches and other religious organizations obtain, despite noncompliance with electioneering restrictions, amounts to more than $100,000,000,000 annually in tax-free contributions made to churches and religious organizations in the United States.

37. The policy and practice of non-enforcement of electioneering restrictions against churches and religious organizations by the Defendant Shulman and the Internal Revenue Service confers benefits solely on the basis of religious criteria, on the basis of which the Plaintiff FFRF does not qualify solely because of the application of religious criteria.

38. As a result of the discriminatory administration of §501(c)(3) by the Defendant Shulman and the IRS, the Plaintiff FFRF seeks equal treatment herein in the form of a level playing field, including by denying such preferential treatment to churches and religious organizations.

39. The Defendant's policy of non-enforcement of electioneering restrictions against churches and other religious organizations has the effect each year of excluding billions of dollars from taxation and this exclusion is available only to churches and religious organizations with the concomitant right to also engage in electioneering activities.

40. The tax benefits preferentially provided to churches and other religious organizations constitute an exclusive and discriminatory subsidy to religion in violation of the Establishment Clause and the Equal Protection Clause of the United States Constitution.

WHEREFORE, the Plaintiff FFRF demands judgment against the Defendant Shulman and the IRS as follows:

    a. Declaring that the policy of the Internal Revenue Service, under the direction of Defendant Shulman, violates the Establishment Clause and the Due Process Clause of the United States Constitution by providing preferential treatment to churches and religious organizations;

b. Enjoining the Defendant Shulman, and the Internal Revenue Service, from continuing to allow preferential and discriminatory treatment under §501(c)(3) of the Tax Code exclusively to churches and religious organizations;

c. Ordering the Defendant Shulman and the IRS to forthwith comply with necessary steps to designate an IRS official legally authorized to initiate action against churches and other religious organizations that are reasonably believed to have violated the electioneering restrictions of §501(c)(3);

d. Awarding the Plaintiff its reasonable costs and disbursements of this action as allowed by law;

e. Awarding such other relief as the Court deems just and equitable.

Dated this 14th day of November 2012.

                BOARDMAN & CLARK LLP
                By

                __/s/_____
                Richard L. Bolton
                Wisconsin State Bar No. 1012552
                One South Pinckney Street, Ste. 410
                P. O. Box 927
                Madison, WI 53701-0927
                Telephone: (608) 257-9521
                Facsimile: (608) 283-1709
                Attorneys for Plaintiff
                rbolton@boardmanclark.com

F:\DOCS\WD\26318\25\A1532385.DOCX