UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

**FREEDOM FROM RELIGION FOUNDATION, INC.,**
       **Plaintiff,**

   v.                                                        Case No. 12-C-0818

**DOUGLAS SHULMAN, Commissioner of the**
**Internal Revenue Service,**
       **Defendant.**

---

## DECISION AND ORDER

Section 501(c)(3) of the Internal Revenue Code exempts entities that are organized and operated exclusively for religious, charitable, scientific, or other specified purposes from having to pay federal income taxes. A condition of this exemption is that the entity not participate in or intervene in any political campaign on behalf of, or in opposition to, any candidate for public office. 26 U.S.C. § 501(c)(3). The plaintiff in this case, the Freedom from Religion Foundation (the "Foundation"), alleges that the Internal Revenue Service has a policy of not enforcing this condition to tax-exempt status against churches and religious organizations. At the same time, the Foundation alleges, the IRS fully enforces the condition against other tax-exempt organizations. The Foundation, which is itself a § 501(c)(3) organization, contends that the IRS's policy of disparate treatment violates its rights under both the Establishment Clause and the equal-protection component of the Fifth Amendment. It seeks declaratory and injunctive relief. The IRS has moved to dismiss the complaint for two reasons: (1) the Foundation lacks standing to sue, and (2)

the suit, which is really a suit against the United States, is barred by sovereign immunity. I consider these arguments below.

## I. STANDING

To prove that he has standing to seek injunctive relief, a plaintiff must show that he is under threat of suffering "injury in fact" that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury. See, e.g., Summers v. Earth Island Institute, 555 U.S. 488, 493 (2009). The Foundation has shown all of these things. If it is true that the IRS has a policy of not enforcing the prohibition on campaigning against religious organizations, then the IRS is conferring a benefit on religious organizations (the ability to participate in political campaigns) that it denies to all other § 501(c)(3) organizations, including the Foundation. As a victim of the IRS's alleged discrimination, the Foundation has suffered an injury in fact. See Heckler v. Mathews, 465 U.S. 728, 738–40 (1984) (victim of unequal treatment has standing to seek equal treatment); see also Iowa-Des Moines Nat'l Bank v. Bennett, 284 U.S. 239, 247 (1931) (cause of action for equal protection accrues as soon as the plaintiff is deprived of equal treatment). Moreover, because the Foundation alleges that the IRS's policy is ongoing, the injury is more than actual and imminent—the Foundation is being deprived of equal treatment right now. This injury is fairly traceable to the actions of the IRS, since it is the IRS's own policy that is causing the alleged unequal treatment. Finally, an injunction prohibiting the IRS from continuing this policy of unequal treatment will prevent any further injury. Accordingly, the Foundation has standing to sue.

The IRS makes a number of arguments against the Foundation's having standing, none of which has merit. First, the IRS argues that the Foundation is not personally affected by the challenged policy and is instead seeking to vindicate a generalized interest in making sure that the government is administered in accordance with the Constitution. See, e.g., Freedom from Religion Foundation v. Obama, 641 F.3d 803, 807–08 (7th Cir. 2011). However, as explained, the Foundation is itself a § 501(c)(3) organization and is suing to vindicate its own right to equal treatment. Thus, the Foundation is not asserting as its injury in fact the "'abstract injury in nonobservance of the Constitution asserted by . . . citizens' in general." Id. at 808 (quoting Schlesinger v. Reservists Committee to Stop the War, 418 U.S. 208, 223 n.13 (1974)).

Second, the IRS argues that the Foundation does not want to participate in political campaigns and therefore has no interest that is implicated by the IRS's policy of not enforcing the prohibition on political campaigning against religious organizations. However, the Foundation never states that it does not want to participate in political campaigns. Instead, the Foundation describes the ability to participate in political campaigns as a "very significant benefit" and states that it refrains from participating in such campaigns because it does not want to risk its tax-exempt status. See Br. in Opp. at 13, ECF No. 14. It is evident from this statement that the Foundation would prefer to both participate in political campaigns and keep its tax-exempt status. Thus, it is not the case that the IRS is extending a benefit to religious organizations that the Foundation is uninterested in obtaining for itself. Of course, because § 501(c)(3) prohibits all tax-exempt organizations from participating in political campaigns, the Foundation will not in this suit be able to obtain an order allowing it to both participate in such campaigns and retain its tax-exempt

status. However, this does not affect the Foundation's standing to seek an order requiring the IRS to <u>withdraw</u> any benefit that it is currently and unlawfully extending only to religious groups. As the Supreme Court has recognized, when the injury is unequal treatment, "the appropriate remedy is a mandate of equal treatment, a result that can be accomplished by withdrawal of benefits from the favored class as well as by extension of benefits to the excluded class." <u>Heckler</u>, 465 U.S. at 740; <u>accord</u> <u>Iowa-Des Moines Nat'l Bank</u>, 284 U.S. at 247. Thus, the Foundation has standing to seek an order requiring the IRS to treat religious organizations no more favorably than it treats the Foundation.

Third, the IRS argues that the Foundation's alleged injury is not "particularized" because, if the Foundation's allegations are true, then all § 501(c)(3) organizations that are not also religious organizations will have suffered the same injury. <u>See</u> Br. in Supp. at 12, ECF No. 13. Although it is true that if the Foundation's allegations are true then all non-religious § 501(c)(3) organizations will have suffered the same injury, this does not deprive the Foundation of standing. As both the Supreme Court and the Seventh Circuit have held, an injury does not fail to be concrete and particularized simply because many other persons have suffered the same injury. <u>See</u> <u>United States v. Students Challenging Regulatory Agency Procedures</u>, 412 U.S. 669, 687–88 (1973); <u>Lac du Flambeau Band of Lake Superior Chippewa Indians v. Norton</u>, 422 F.3d 490, 496–97 (7th Cir. 2005).

Fourth, the IRS argues that the Foundation lacks standing because (1) it "has done nothing to test" whether the IRS is conferring benefits on religious organizations that it does not confer on other § 501(c)(3) organizations, and (2) it has failed to point to any "concrete statement" of any IRS policy of favoring religious organizations. <u>See</u> Br. in Supp. at 14, ECF No. 13. What the IRS seems to be saying is that because the Foundation has not

4

already proved that the IRS has a policy of favoring religious organizations, it lacks standing to attempt to prove that such a policy exists. But of course this is wrong. If the Foundation is unable to prove that the IRS has a policy of favoring religious organizations, then its claim will fail on the merits, not for lack of standing. At the present stage of the case, the pleading stage, the Foundation need only <u>allege</u> that the IRS has such a policy, <u>see, e.g.</u>, <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 561 (1992), which it has done, <u>see</u> Compl. ¶¶ 21–31.

Fifth, the IRS contends that "discrimination itself" is not a cognizable injury in fact. <u>See</u> Reply Br. at 6–9. However, in making this argument, the IRS does not attempt to distinguish <u>Heckler</u> or <u>Iowa-Des Moines National Bank</u>, the two cases that I and the Foundation have cited in support of the proposition that a member of a disfavored class has standing to challenge a discriminatory policy or practice. Nor has the IRS cited a case in which a court found that a member of a disfavored class lacked standing to challenge the discriminatory policy or practice. Accordingly, the IRS gives me no reason to think that discrimination itself is not a cognizable injury in fact.

Sixth, the IRS argues that the Foundation cannot satisfy the redressability requirement because it would be inappropriate for a court to issue an injunction that results in judicial supervision of the IRS's enforcement of the tax code. <u>See</u> Reply Br. at 10. However, the IRS does not dispute that this court has the raw power to issue an injunction preventing the IRS from continuing to follow a policy of favoritism toward religious organizations. To be sure, there are reasons why the court might not want to issue such an injunction. For example, it may be difficult to determine whether the IRS's failure to investigate a religious organization's potential violation of § 501(c)(3)'s prohibition on

5

campaigning was based on a policy of favoring religious organizations or was a legitimate exercise of the IRS's "prosecutorial discretion."  But whether an injunction is an appropriate remedy is a question that goes to the merits of the case rather than to standing.  For standing purposes, all that matters is that the court has the raw power to grant relief that would redress the plaintiff's injury.  See In re UNR Indus., Inc., 20 F.3d 766, 768–69 (7th Cir. 1994) (for purposes of mootness, which is an aspect of standing, the court's raw ability to grant meaningful relief is what matters; whether the court should grant such relief is a question for the merits).  Accordingly, the Foundation has standing to seek such relief.

Finally, the IRS argues that the doctrine of "prudential standing" bars this suit.  Prudential standing encompasses the general prohibition on a litigant's raising another person's legal rights, the rule barring adjudication of generalized grievances more appropriately addressed to the representative branches of government, and the requirement that a plaintiff's complaint fall within the zone of interests protected by the law invoked.  See, e.g., Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 12 (2004).  The IRS contends that the Foundation is attempting to assert the rights of third parties rather than its own right.  Again, however, this is wrong.  The Foundation is asserting its own right to equal treatment.  The IRS also argues that the Foundation is not within the "zone of interests" of § 501(c)(3).  Whether or not that is true, however, the Foundation surely is in the zone of interests of the Fifth Amendment and the Establishment Clause, which are the provisions of law on which the Foundation's claims are based.  Finally, the IRS argues that the Foundation's grievance is a generalized one that is more appropriately addressed to the representative branches of government.  However, as discussed, the Foundation is not

asserting a generalized grievance but rather its own, particularized interest in receiving equal treatment. Accordingly, none of the prudential limits on standing applies in this case.

## II. SOVEREIGN IMMUNITY

The IRS next contends that because this suit is against the United States, the Foundation must point to a waiver of sovereign immunity. The Foundation points to the second sentence of 5 U.S.C. § 702, which is part of the Administrative Procedure Act ("APA"). It states:

> An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party.

The IRS does not dispute that the Foundation's suit meets all the requirements specified in the above sentence. However, it contends that the suit does not fall within § 702's waiver of sovereign immunity for three reasons: (1) the Foundation does not have standing to sue; (2) the Foundation has identified no "final agency action" that could be reviewed under the APA; and (3) the challenged agency action, to the extent it is final, is not reviewable under the APA because it is committed to agency discretion by law.

The IRS's first argument is no different from its argument that the Foundation lacks standing to sue, which I have already rejected. Therefore, I will not discuss the first argument further.

The IRS's second and third arguments fail because they depend on the false premise that the Foundation is challenging the IRS's policy pursuant to the APA. In fact, the Foundation is challenging that policy pursuant to the Fifth Amendment's equal-

7

protection component and the Establishment Clause. Thus, the limitations on claims brought pursuant to the APA—including the requirement that the claim involve a final agency action, see 5 U.S.C. § 704, and the requirement that the claim not involve a matter committed to agency discretion by law, 5 U.S.C. § 701(a)(2)—do not apply. However, the second sentence of § 702 still waives the United States's sovereign immunity in this case because that sentence is not limited to claims brought under the APA itself but is generally applicable to any action for prospective relief, including an action involving a constitutional challenge. See Michigan v. United States Army Corp of Engineers, 667 F.3d 765, 774–75 (7th Cir. 2011); Blagojevich v. Gates, 519 F.3d 370, 371–72 (7th Cir. 2008). The IRS seems to concede this point in its reply brief, where it abandons its second and third sovereign-immunity arguments and rests entirely on its argument that the Foundation lacks standing to sue. See Reply Br. at 11–12 & n.3. Accordingly, this action is not barred by sovereign immunity.

### III. CONCLUSION

For the reasons stated, **IT IS ORDERED** that the IRS's motion to dismiss is **DENIED**.

Dated at Milwaukee, Wisconsin this 19th day of August, 2013.

                                                   s/ Lynn Adelman

                                                   _____
                                                   LYNN ADELMAN
                                                   District Judge