UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

**FREEDOM FROM RELIGION FOUNDATION, INC.,**
       **Plaintiff,**

   v.

**JOHN KOSKINEN, Commissioner**
**of the Internal Revenue Service,**
       **Defendant,**

                                                                             **Case No. 12-C-0818**

**and**

**HOLY CROSS ANGLICAN CHURCH,**
**FATHER PATRICK MALONE,**
       **Intervenor Defendants**

---

## DECISION AND ORDER

The Freedom From Religion Foundation brought this action against the Commissioner of the Internal Revenue Service, alleging that the IRS maintained a policy of refusing to enforce § 501(c)(3)'s electioneering restrictions against churches and religious institutions.  The Foundation sought an injunction requiring the IRS to abandon the policy.  Once discovery began, Holy Cross Anglican Church and Father Patrick Malone filed a motion to intervene, which I granted.  In granting the motion to intervene, I determined that the intervenors should be permitted to argue that if the IRS has a policy of non-enforcement against churches and religious institutions, that policy is compelled by the Establishment Clause and other laws protecting religious liberty.

Before me now is a motion to dismiss this case without prejudice under Federal Rule of Civil Procedure 41(a)(2), jointly filed by the Foundation and the IRS.  The reason the

parties seek the dismissal is that the Foundation "is satisfied that the IRS does not have a policy at this time of non-enforcement specific to churches and religious institutions." Mot. to Dismiss at 2–3, ECF No. 38.  The intervenors oppose this motion and contend that if the case is going to be dismissed it should be dismissed with prejudice rather than without prejudice.

Voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(2) is allowed at the district court's discretion.  A district court should not grant the dismissal if the opposing party shows that the dismissal will cause it "plain legal prejudice." Kunz v. DeFelice, 538 F.3d 667, 677 (7th Cir. 2008).  The Seventh Circuit has identified four factors that district courts may wish to use in determining whether this kind of prejudice would arise: the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant." Id. at 677–78 (quoting Pace v. Southern Express Co., 409 F.2d 331, 334 (7th Cir.1969)).

In the present case, I conclude that the intervenors would suffer no legal prejudice from a dismissal without prejudice.  The intervenors contend that they would be prejudiced by such a dismissal because it would allow the Foundation to "file an identical lawsuit (and again put the Church's interests in jeopardy) a week, month, or a year in the future."  Br. in Opp. at 1, ECF No. 40.  However, it is well established that "the mere prospect of a second lawsuit" is not plain legal prejudice.  Fluker v. County of Kankakee, 741 F.3d 787, 794 (7th Cir. 2013) (quoting Stern v. Barnett, 452 F.2d 211, 213 (7th Cir. 1971)).  In any event, a second suit could be prejudicial only if it caused the intervenors to substantially

duplicate the work that they have already performed in this case, which consists of participating in written discovery and preparing a motion for summary judgment that they have not yet filed. But if the Foundation files an identical suit in the future, the intervenors would not have to duplicate a substantial amount of this work. They could simply reuse the written discovery that they drafted for this case and pick up where they left off on their summary judgment motion.

Accordingly, **IT IS ORDERED** that the joint motion for dismissal is **GRANTED**. This case is dismissed without prejudice, with each party to bear its own costs, expenses, and attorneys' fees.

Dated at Milwaukee, Wisconsin this 29th day of July, 2014.

                                      s/ Lynn Adelman
                                      LYNN ADELMAN
                                      District Judge